OLGA LINDHJEN *vs.* L. J. MUELLER, intervenor.

January 9, 1890.

**Evidence—Declarations of Partner.**—M., an intervenor in garnishee proceedings "for and in behalf of" a still existing partnership consisting of himself and one L., claimed that an indebtedness formerly due L. from a garnishee had been transferred and set over by L. to the firm when it was organized, long before the service of the garnishee summons. *Held,* that declarations and admissions made by L., subsequent to the formation of the copartnership, to the effect that the account remained his individually, and had not been transferred to the firm, were properly received in evidence in behalf of the plaintiff in the garnishee proceedings.

Plaintiff brought suit against one William Leo in the municipal court of Minneapolis, and summoned Jeremiah Spear as garnishee, who made disclosure of an indebtedness of $154 owed by him to Leo. Thereupon L. J. Mueller, "for and on behalf of William Leo and L. J. Mueller, copartners as Leo & Mueller Furnace Co.," and by leave of the court, filed a complaint in intervention, claiming the debt from Spear as belonging to the partnership. The plaintiff answered this complaint, the issues were tried by the court, and judgment ordered for plaintiff against the garnishee, for $148.52. A new trial was refused, and the intervenor appealed.

*White & Evans,* for appellant.

*John T. Byrnes,* for respondent.

COLLINS, J. On September 15, 1888, Mueller, the intervenor in this proceeding, formed a partnership with Leo, the defendant. The garnishee, Spear, was then indebted to Leo on book-account. The latter, who has absconded, owed the plaintiff, and a garnishee summons was served, at his instance, upon Spear, in the month of Feb-

ruary following. The intervenor, in his complaint, made, as he therein alleges, for and in behalf of the copartnership, claims, and upon the trial submitted testimony tending to show, that when the partnership was formed Leo transferred and set over the balance of the debt due from Spear to the firm as a part of his contribution to its assets. To meet this, the plaintiff offered in evidence, and the court received,—the intervenor objecting,—certain statements made by Leo, after the formation of the partnership, to the effect that the account against Spear was his individual property, and had not been transferred to the firm. These statements were properly received in evidence as declarations and admissions, made against interest by a member of the firm which was attempting in this proceeding to recover an account alleged to be due the partnership. Leo was one of the partners when he made the statements, and remained such member at the time of the intervention and trial. Although he was not named as a party in the complaint and made an intervenor, it is plain from an inspection of the pleading, as well as from the facts as they existed, that he should have been, and that there was a defect of parties by reason of the omission to formally bring him into the case. Had Leo actually appeared as an intervenor, plaintiff's right to introduce his declarations could not have been questioned. It is obvious that his partner, Mueller, cannot exclude them by improperly neglecting to join Leo as a party to the proceeding. The appellant suggests that if the account did not belong to the firm the admissions could in no way affect his partner, because Leo could only bind him in relation to partnership matters. If the account did not belong to the partnership, it is difficult to see how appellant has been harmed by the testimony. His interests, under such circumstances, were not affected by the ruling.

The evidence upon which the trial court based its findings reasonably tended to support them, including that by which it was found that the work done under the contract with Leo, but after the partnership was formed, was for him individually, and its conclusion cannot be disturbed.

Order affirmed.